**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| Bruce Fallows, | : |
| | : |
| | : Civil Action No.: 1:14-cv-13763 |
| Plaintiff, | : |
| v. | : |
| | : |
| Receivables Performance Management, | : **COMPLAINT** |
| L.L.C.; and DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |

For this Complaint, Plaintiff, Bruce Fallows, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), in their illegal efforts to

collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that

Defendants transact business in this District and a substantial portion of the acts giving rise to

this action occurred in this District.

## PARTIES

4.      Plaintiff, Bruce Fallows ("Plaintiff"), is an adult individual residing in Franklin,

Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Receivables Performance Management, L.L.C. ("RPM"), is a

Washington business entity with an address of 20816 44th Avenue, West Lynnwood,

Washington  98036, operating as a collection agency, and is a "debt collector" as the term is

defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by RPM and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      RPM at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      Plaintiff allegedly incurred a financial obligation (the "Debt") to Bank of America (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to RPM for collection, or RPM was employed by the Creditor to collect the Debt.

11.      Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. RPM Engages in Harassment and Abusive Tactics

12.      Within the last year, RPM called Plaintiff in an attempt to collect the Debt.

13.      Plaintiff sent RPM a written request to validate the Debt.

14.      RPM called Plaintiff in its collection efforts prior to responding to Plaintiff's request and validating the Debt.

15.      During conversations, RPM refused to acknowledge receiving Plaintiff's written request and demanded Plaintiff pay the Debt.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

16.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

18.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

19.     Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been verified.

20.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

21.     Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT,
## M.G.L. c. 93A § 2, et seq.

22.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

24.     Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A)

    against Defendants;

2.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

    § 1692k(a)(3) against Defendants;

3.  Double or treble damages plus reasonable attorney's fees pursuant to M.G.L.

    c. 93A § 3(A);

4.  Punitive damages; and

5.  Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 2, 2014

Respectfully submitted,

By    /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG LAW, LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff